**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0323-21

CHRISTOPHER CASUCCI,

      Plaintiff-Appellant,

and

KERRI CASUCCI,

      Plaintiff,

v.

KEVIN VALAN and MARASCIO
BROTHERS ELECTRIC,

      Defendants-Respondents.

_____

Submitted September 13, 2022 – Decided October 5, 2022

Before Judges Geiger and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Monmouth County, Law Division, Docket No. L-3784-18.

Jeffrey S. Mandel, LLC, attorney for appellant.

Garvey Ballou, PC, attorneys for respondents (Robert A. Ballou, Jr., on the brief).

PER CURIAM

Following a unanimous jury verdict of zero damages, plaintiff[1] appeals, requesting we consider whether the trial court erred in: 1) failing to enter a directed verdict on proximate cause where defendants stipulated to liability before trial and both parties' experts opined plaintiff incurred some injury as a result of a motor vehicle accident; 2) providing an incorrect jury instruction including proximate cause; 3) adding proximate cause to the jury verdict sheet; or 4) failing to grant additur or a new trial after the jury returned a verdict of no damages. Because plaintiff requested jury instructions prior to trial on the issue of proximate cause, and proofs were presented at trial by both experts regarding the cause and extent of plaintiff's injuries, plaintiff fails to demonstrate the trial court erred in instructing the jury on proximate cause and denying his motion for a directed verdict. Given the proofs presented, the jury's conclusion that plaintiff did not suffer a compensable injury as a result of the accident is reasonable and entitled to significant deference. We affirm.

---

[1] Prior to trial, plaintiff Kerri Casucci withdrew her per quod claim.

2                                                                     A-0323-21

Plaintiff was stopped while driving his vehicle on February 16, 2017, when he was struck from behind by a commercial vehicle.[2] He was wearing a seatbelt and did not strike his body on any part of the car. Plaintiff stated he was "jostled" by the impact and admits the "impact depicted in the . . . [dashcam] video [was] minor." He did not request an ambulance or treatment at the scene. Plaintiff testified he suffered neck pain, headaches, and tingling in his hands as a result of the accident, and began seeing a chiropractor approximately one month later, whom he had seen previously for lower back pain. After treatment for three months and reporting improvement, he saw an orthopedist three times over a one-year period and had an MRI. On the last visit, the orthopedist noted plaintiff's cervical range of motion lacked five degrees but was otherwise "normal."

Defendants admitted liability for causing the accident at trial and stipulated during opening argument the only issue before the jury was "whether or not [plaintiff was] entitled to damages." Plaintiff's medical expert opined, based on plaintiff's examination, which took place on July 1, 2019, his self-report of pain, and his medical records, plaintiff sprained his neck and suffered a disk herniation as a result of the accident. On cross-examination, he conceded

---

[2] Plaintiff has a no threshold automobile insurance policy.

A-0323-21

plaintiff suffered from pre-existing arthritis, which may have caused the disk herniation. He also testified neither he nor the treating orthopedist could find objective evidence of the tingling sensation plaintiff complained of in his hands through objective testing.

Defendants' expert opined plaintiff suffered a soft tissue sprain of the neck because of the accident. He too was unable to find objective evidence of tingling in the hands and did not find functional impairment of the neck. After reviewing the MRI, defendants' expert opined the disc herniation was the result of plaintiff's long-standing degenerative disease, cervical spondylosis, and there was no evidence of a permanent injury caused by the accident.

Plaintiff moved for a directed verdict on proximate cause, arguing both doctors testified "there are injuries in this case" and the proposed verdict sheet asked the jury only the quantum of damages, not proximate cause. The trial judge inquired as to what undisputed evidence demonstrated the injury was "caused by the accident and not from age, [or] degeneration?" Plaintiff claimed a jury could not award zero damages or "throw everything out and say there [was] no injury" because "all of the evidence clearly [demonstrated] there [was] an injury."

Defendants argued the jury could make credibility determinations of the witnesses, including the experts, reject all the testimony, and determine there was no compensable injury. Further, even if the jury found both experts had opined the accident proximately caused some injury, it had to determine whether the herniation and lasting injuries resulted from the accident, requiring jury instructions on proximate cause. They argued the jury could conclude there was an injury, but it was not worth any amount of compensation.

We review a motion for a directed verdict de novo by applying the same standard governing trial judges. Smith v. Millville Rescue Squad, 225 N.J. 373, 397 (2016). A motion for a directed verdict made pursuant to Rule 4:40-1 shall be granted "only if, accepting as true all evidence supporting the party opposing the motion and according that party the benefit of all favorable inferences, reasonable minds could not differ." Edwards v. Walsh, 397 N.J. Super. 567, 571 (App. Div. 2007) (citing Dolson v. Anastasia, 55 N.J. 2, 5 (1969)); see R. 4:37-2(b)).

We conclude the trial judge correctly denied plaintiff's motion for a directed verdict because the experts disagreed on the cause and extent of plaintiff's injuries. Plaintiff erroneously conflates the admission of an injury with irrefutable proof of damages. "[Plaintiff] bears the burden to 'introduce

evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result.'" Townsend v. Pierre, 221 N.J. 36, 60-61 (2015) (quoting Davidson v. Slater, 189 N.J. 166, 185 (2007)). The stipulation as to liability reached by the parties did not relieve plaintiff of this obligation to prove he suffered compensable injuries proximately caused by the accident; a burden he clearly did not meet.

The trial judge specifically noted, although defendants stipulated to liability, their expert's testimony regarding the existence of an injury resulting from the accident was not the "silver bullet" plaintiff believed it to be. Defendants' expert employed qualifying language throughout his testimony, stating "I think he sprained his neck". . . "I'm seeing him two years later, so my opinion was based on the history that he provided of the accident" and "I think he . . . has a soft tissue strain of his cervical spine." Given these qualified statements the trial court correctly found the jury was free to reject all or some of his testimony. See Kozma v. Starbucks Coffee Co., 412 N.J. Super. 319, 325 (App. Div. 2010).

Defendants' expert also specifically opined plaintiff's injuries were not related to the accident, placing proximate cause directly at issue. In response to

6

a question regarding whether plaintiff's physical ailments were related to the accident, the defense expert stated "[n]o. I [do not] believe they were. There was no evidence . . . of increased fluids, which might represent a fracture or tissue anything you can see fluid very easily and there was none. So, I had no evidence that it was new."

Proximate cause is ordinarily a fact issue to be resolved by a jury. Perez v. Wyeth Lab'ys Inc., 161 N.J. 1, 27 (1999). The trial court found, even if the jury accepted plaintiff sustained an injury as a result of the accident, it must determine whether any compensable damages resulted. Plaintiff's contention, that an admission of liability and a statement from defendant's expert that plaintiff suffered an injury is tantamount to a stipulation of proximate causation and requires the jury to award at least one dollar in damages, is not supported by fact or law. There was sufficient evidence in the record to submit the question of whether plaintiff's current physical condition was proximately caused by the accident, and the trial court properly denied the motion for a directed verdict, allowing the issue to go to the jury. After deliberating approximately thirty minutes, the jury returned a unanimous verdict awarding zero damages.

Although plaintiff twice submitted draft jury charges containing proximate cause language to the court prior to trial, he objected to the inclusion

7

of proximate cause in the jury charge during the charge conference. He did not object to the inclusion of proximate cause language on the verdict sheet. Because plaintiff objected to proximate cause language in the jury charge, we review for harmless error.[3] We review defects in the verdict sheet under the same standard that governs the jury charge "[b]ecause a verdict sheet constitutes part of the trial [judge's] direction to the jury." State v. Galicia, 210 N.J. 364, 388 (2012). As here, where an objection to the verdict sheet was not raised at trial, we review the verdict sheet for plain error. Willner, 235 N.J. at 79.[4]

---

[3] "The proper standards of review of jury instructions are well-settled: if the party contesting the instruction fails to object to it at trial, the standard on appeal is one of plain error; if the party objects, the review is for harmless error." Willner v. Vertical Reality, Inc., 235 N.J. 65, 80 (2018). "[T]he error will not be grounds for reversal [on appeal] if it was harmless." Id. at 79 (second alteration in original) (internal quotation marks omitted) (quoting State v. J.R., 227 N.J. 393, 417 (2017)). "An error cannot be harmless if there is 'some degree of possibility that [the error] led to an unjust result.'" Ibid. (alteration in original) (quoting State v. Lazo, 209 N.J. 9, 26 (2012)). "For an error to be reversible under the harmless error standard, '[t]he possibility must be real, one sufficient to raise a reasonable doubt as to whether [the error] led the jury to a verdict it otherwise might not have reached.'" Ibid. (quoting Lazo, 209 N.J. at 26).

[4] "Under that standard, '[a]ny error or omission shall be disregarded by the appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result.'" Willner, 235 N.J. at 79 (quoting R. 2:10-2). "Without an objection at the time a jury instruction is given, 'there is a presumption that the charge was not error and was unlikely to prejudice the defendant's case.'" Ibid. (quoting State v. Montalvo, 229 N.J. 300, 320 (2017).

8

Regardless of the standard employed, no error occurred. Defendant's stipulation as to liability did not include a stipulation as to proximate cause or damages. A jury is always at liberty to find there are no "compensable" damages sustained as a result of the accident, even if both experts admit an injury was sustained.

The jury had substantial, credible evidence to determine plaintiff did not suffer a compensable injury. The jury could reasonably determine plaintiff suffered a mild injury from the accident that resolved itself based on the evidence presented. The judge properly submitted the issue of proximate cause to the jury in both the jury charge and the verdict sheet.

Our review of the denial of a motion for a new trial or additur pursuant to Rule 4:49 is limited. We will not disturb the trial judge's ruling "unless it clearly appears that there was a miscarriage of justice under the law." R. 2:10-1; Cuevas v. Wentworth Grp., 226 N.J. 480, 501 (2016); Risko v. Thompson Muller Auto. Grp., Inc., 206 N.J. 506, 521 (2011). We begin with a recognition of the fundamental principle: jury trials are a bedrock of our system of civil justice, see N.J. Const. art. I, ¶9, and the factfinding functions of a jury deserve a high degree of respect and judicial deference see, e.g., State v. Lodzinski, 249 N.J. 116, 143 (2021); Caldwell v. Haynes, 136 N.J. 422 (1994). In terms of its assessment of the relative strength of the proofs, a jury verdict is "impregnable

unless so distorted and wrong, in the objective and articulated view of a judge, as to manifest with utmost certainty a plain miscarriage of justice." Doe v. Arts, 360 N.J. Super. 492, 502-03 (App. Div. 2003) (quoting Carrino v. Novotny, 78 N.J. 355, 360 (1979)).

Moreover, we must give due deference to the trial judge's "feel of the case," that is, their regard for "the jury to pass upon the credibility of the witnesses" and whether "it clearly and convincingly appears that there was a miscarriage of justice under the law." Carrino, 78 N.J. at 361 (quoting R. 4:49-1(a)); see also Cuevas, 226 N.J. at 501. ("A jury verdict, including an award of damages, is cloaked with a 'presumption of correctness.'") (quoting Baxter v. Fairmont Food Co., 74 N.J. 588, 598 (1977)). "The presumption of correctness that attaches to a damages award is not overcome unless [the movant for a new trial or additur] can establish, 'clearly and convincingly,' that the award is 'a miscarriage of justice.'" Cuevas, 226 N.J. at 501 (quoting Baxter, 74 N.J. at 596).

Our Supreme Court has discussed the miscarriage of justice standard:

> [A] motion for a new trial should be granted only where to do otherwise would result in a miscarriage of justice shocking to the conscience of the court. . . . Thus, a trial judge is not [to] substitute his [or her] judgment for that of the jury merely because he [or she] would have reached the opposite conclusion . . . .

[Risko, 206 N.J. at 521 (internal citations and quotation marks omitted).]

Plaintiff claims a miscarriage of justice is demonstrated by the judge's comment, wherein he stated in his "feel of the case" plaintiff was entitled to damages in the "high four figures, or very low five figures." Plaintiff also renews his directed verdict argument, stating "uncontradicted evidence" demonstrated "there were damages," so "the jury's verdict of zero should shock the judicial conscience" because "the jury lacked a rational basis to conclude that [plaintiff] suffered no compensable damages."

Juries are always free to award no damages despite a finding of liability. Even if defendants had stipulated to proximate cause, which they did not do, and the jury had found a permanent injury proximately caused by defendants, a permanent injury may not be significant enough in its severity to warrant compensation. Pursuant to the model jury charges, a jury has no obligation to award positive damages where it has determined a plaintiff's injuries, although they may never vanish, are not sufficiently pronounced to warrant financial recovery. The law does not require a remedy for de minimis harm. Pasternoster v. Shuster, 296 N.J. Super. 544, 599 (App. Div. 1997); see Kozma, 412 N.J. Super. at 325 (Where the jury found plaintiff's injuries were proximately caused

11

by the accident but awarded zero monetary damages because "the evidence was susceptible to an interpretation that minimized the monetary equivalent of plaintiff's pain and suffering to its vanishing point.").

The jury's award was reasonable considering: 1) the minimal impact depicted in the dashcam video of the accident; 2) plaintiff's ability to drive away and not seek treatment for nearly a month after the accident; 3) his limited treatment after the accident; 4) his previous treatments with a chiropractor for back pain over a sustained period of time; 5) both experts' inability to find objective evidence of some self-reported symptoms; 6) defendants' expert opinion plaintiff's injuries were caused by his degenerative disease; and 7) that same expert's opinion plaintiff did not suffer a permanent injury as a result of the accident.

The jury had ample reasonable basis to determine plaintiff did not suffer a compensable injury as a result of the accident, and the trial judge did not err in denying plaintiff's motions for a new trial or additur. Although the judge commented on the likely worth of plaintiff's injuries, he ultimately concluded there was no miscarriage of justice, a judgment to which we owe deference. See Risko, 206 N.J. at 521.

We conclude the trial judge properly denied plaintiff's motion for a directed verdict on proximate cause and submitted the issue to the jury with adequate instruction in both the jury charge and on the verdict sheet. Additionally, we find no reason to disturb the judge's denial of a motion for a new trial or additur.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13